**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4468**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES ERIC FREEMAN, a/k/a Doolittle,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:16-cr-00064-MR-DLH-4)

Submitted: January 18, 2018                    Decided: January 22, 2018

Before GREGORY, Chief Judge, and SHEDD and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel B. McIntyre, III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Eric Freeman appeals the 46-month sentence imposed following his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). On appeal, counsel for Freeman has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court properly determined Freeman's Sentencing Guidelines range and sentence, whether plea counsel rendered ineffective assistance, and whether the Government's actions before the district court constituted prosecutorial misconduct. Although notified of his right to do so, Freeman has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). We "must first ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the sentence imposed. *Id.* at 51. Here, the district court correctly calculated the Guidelines range, considered the § 3553(a) factors, and amply explained its decision to impose a sentence at the low end of the Guidelines range. We therefore conclude that Freeman's sentence is procedurally reasonable.

Having found no procedural error, we examine the substantive reasonableness of Freeman's sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals

of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Here, by not showing that his within-Guidelines sentence "is unreasonable when measured against the . . . § 3553(a) factors," Freeman has failed to rebut this presumption. *Id.*

Next, because the record does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Finally, our review of the record reveals no evidence of prosecutorial misconduct.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Freeman, in writing, of the right to petition the Supreme Court of the United States for further review. If Freeman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Freeman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*